UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY

| | |
|---|---|
| INTERLINK PRODUCTS INTERNATIONAL, INC., <br><br> Plaintiff, <br><br> v. <br><br> FAN FI INTERNATIONAL, INC. and ETL, LLC, <br><br> Defendants. | Civil Action No. <br><br> 16-1142 (MCA) (LDW) <br><br><br> **OPINION AND ORDER** |

Before the Court is the motion of Defendants, Fan Fi International, Inc. ("Fan Fi") and ETL, LLC ("ETL"), to transfer this consolidated action to the United States District Court for the District of Nevada, pursuant to 28 U.S.C. § 1404(a). (ECF No. 45). Plaintiff, Interlink Products International, Inc., filed an opposition to this motion (ECF No. 50), and Defendants filed reply papers (ECF No. 54). The Court having considered these filings, and for the reasons set forth below, Defendants' transfer motion is **DENIED**.

## I. UNDERLYING FACTS AND PROCEDURAL HISTORY

Plaintiff manufactures and sells shower and bath parts, among other things. (Am. Compl., ECF No. 14, ¶¶ 7–8). It holds United States Letters Patent No. 7,299,510 ("the '510 Patent"), a patent for a dual showerhead diverter system. (Id. ¶¶ 15–16 & Ex. B). Plaintiff claims that Defendants sell within the United States dual showerheads with diverter devices that infringe the '510 Patent. (Id. ¶¶ 14, 17–26).

Plaintiff commenced this action on February 29, 2016, alleging infringement of the '501 Patent by Fan Fi. (Compl., ECF No. 1). Plaintiff filed a First Amended Complaint on June 23,

2016, which added ETL as a defendant. (ECF No. 14). Defendants asserted counterclaims for declarations of patent invalidity and non-infringement in their Answer. (Answer, ECF No. 24).

Not long after filing this action, Plaintiff filed another action in this Court against the same Defendants, alleging trademark infringement and unfair competition. *Interlink Prods. Int'l, Inc. v. Fan Fi Int'l, Inc.*, Civ. A. No. 16-1244 (WHW) (CLW) (D.N.J.). The Complaint in that action alleges that Fan Fi sells showerheads in the United States under the trademark "POWERSPA" and that this mark infringes Plaintiff's usage of the mark "POWER SPA," registered as Trademark No. 4137909. *Interlink Prods. Int'l*, Civ. A. No. 16-1244, Compl., ECF No. 1, ¶¶ 7–23. Plaintiff added ETL as a defendant to that action on June 23, 2016. *Interlink Prods. Int'l*, Civ. A. No. 16-1244, Am. Compl., ECF No. 13. Defendants' Answer in that action asserts counterclaims for a declaration of non-infringement and for cancelation of Plaintiff's trademark. *Interlink Prods. Int'l*, Civ. A. No. 16-1244, Answer, ECF No. 23.

In August 2016, Plaintiff filed a third action in this Court against Defendants, alleging claims for false advertising in violation of the Lanham Act, as well as for violations of state unfair competition law, deceptive trade practices laws, and false advertising laws. *Interlink Prods. Int'l, Inc. v. Fan Fi Int'l, Inc.*, Civ. A. No. 16-4663 (WHW) (CLW) (D.N.J.), Compl., ECF No. 1. The Complaint in that action contends that Defendants falsely claim that their showerheads use patented technology to create a uniquely strong spray. *Interlink Prods. Int'l*, Civ. A. No. 16-4663, Compl., ECF No. 1.

On September 28, 2016, U.S. District Judge Madeline Cox Arleo issued an order consolidating the three actions under this docket number, without prejudice to the parties' rights to seek deconsolidation following the completion of discovery. (ECF No. 40).

## II. MOTION AND ANALYSIS

### A. *The Parties' Arguments*

Defendants now move to transfer this consolidated action to the United States District Court for the District of Nevada pursuant to 28 U.S.C. § 1404(a). (ECF No. 45). Defendants allege that they have no formal operations or business relationships in New Jersey and that they ship only 1% of their showerheads to New Jersey. (Mem. of Law, ECF No. 46, ¶¶ 8–10). They stress that their headquarters is located in Reno, Nevada, and that all research, design, development, and marketing decisions, as well as the bulk of distribution, take place in their Nevada facilities. (*Id.* ¶¶ 6, 11–19). Defendants urge that keeping this litigation in the District of New Jersey would unduly burden them, and they note that they filed an action for false advertising against Plaintiff in the District of Nevada in November 2016. (*Id.* ¶¶ 31–32).

Defendants contend that the action's "center of gravity" lies in Nevada, given that the bulk of Defendants' acts underlying Plaintiff's claims occurred in Nevada and that most witnesses and documents pertinent to the case are located there. (*Id.* ¶¶ 20–30 & pp. 7–9, 10–11). Defendants posit that courts frequently transfer intellectual property actions to the home district of the defendant for these reasons. (*Id.* at 9). Acknowledging the deference typically owed to a plaintiff's choice of forum, Defendants assert that a plaintiff's filing of an action in a foreign district or in a district not central to the facts is "disqualifying" of such deference. (Reply Br., ECF No. 54, at 3 n.1). Defendants argue that permitting the case to remain in this district based on a small number of sales here would effectively nullify 28 U.S.C. § 1404(a). (*Id.* at 7). They dispute Plaintiff's position that a transfer would simply shift the burden of litigation from Defendants to Plaintiff, contending that most discovery will occur in Nevada and little unique discovery related to Plaintiff's claim would be found within New Jersey. (*Id.* at 10).

Defendants further argue that a judgment would be more easily enforced in Nevada and that the convenience of resolving all of the claims between Plaintiff and Defendants should outweigh any convenience gained by leaving the matter before this Court, where Plaintiff has other similar actions pending against other defendants. (*Id.* at 12–13). Defendants contend that courts typically have no public interest in retaining patent cases, given the national scope of such actions. (*Id.* at 12).

In opposition, Plaintiff argues that a plaintiff's choice of forum generally should receive deference, particularly when it is the plaintiff's home district, and it contends that transfer should not be granted where it would simply shift the burden of litigation from the defendant to the plaintiff. (Br. in Opp'n, ECF No. 50, at 7–8). Plaintiff asserts that design, development, and testing of Defendants' products could relate only to the patent claim, and not to the trademark or false advertising claims. (*Id.* at 11). In any event, Plaintiff argues that Defendants' product design and development do not in fact relate to the patent claim, as they assert that Defendants simply purchased the allegedly infringing diverter device from a supplier, and thus infringement occurred primarily through the product distribution and sales. (*Id.* at 11–12). As the allegedly infringing products, bearing the allegedly infringing trademarks and the allegedly false advertising, were sold in New Jersey, Plaintiff contends that this Court should retain the action. (*Id.* at 12–17).

Plaintiff argues that Defendants have introduced no evidence, beyond a conclusory assertion, that continuing to litigate in New Jersey would impose a hardship on them. (*Id.* at 17–18). They assert that Defendants' commencement of an action in the District of Nevada the day before filing this transfer motion should not lend any weight in favor of transfer. (*Id.* at 19–20). Finally, Plaintiff argues that a public interest exists in keeping all actions concerning the same

patent before this Court and posits that granting this motion would set a precedent in favor of transferring all related cases to the home districts of the respective defendants. (*Id.* at 21–25).

## B. Application

28 U.S.C. § 1404 permits that, "[f]or the convenience of the parties and witnesses, in the interest of justice, a district court may transfer any civil action to any other district or division where it might have been brought." 28 U.S.C. § 1404(a). The purpose of a discretionary transfer under § 1404 is "to protect litigants, witnesses and the public against unnecessary inconvenience and expense." *Van Dusen v. Barrack*, 376 U.S. 612, 616 (1964) (internal quotation marks omitted). The moving party bears the burden of demonstrating the proposed transfer's merit. *In re Amendt*, 169 F. App'x 93, 96 (3d Cir. 2006); *Jumara v. State Farm Ins. Co.*, 55 F.3d 873, 879 (3d Cir. 1995); *Reckitt Benckiser Pharm., Inc. v. Biodelivery Scis. Int'l, Inc.*, Civ. A. No. 14-5892 (MAS), 2015 WL 4461511, at *2 (D.N.J. July 21, 2015).

Pursuant to this statute, the Court must first ascertain whether the venue to which the movant proposes transfer is one in which the action could have been commenced. *Reckitt Benckiser Pharm.*, 2015 WL 4461511 at *2 (citing *Sunbelt Corp. v. Noble, Denton & Assocs., Inc.*, 5 F.3d 28, 33 (3d Cir. 1993)); *see also Shutte v. Armco Steel Corp.*, 431 F.2d 22, 24 (3d Cir. 1970). 28 U.S.C. § 1391 grants venue to a civil action in any district in which a defendant resides if all defendants reside in the same state. 28 U.S.C. § 1391(b). Defendant corporate entities are deemed to reside in any district in which they would be subject to personal jurisdiction for the case. 28 U.S.C. § 1391(c); *see also Great W. Mining & Mineral Co. v. ADR Options, Inc.*, 434 F. App'x 83, 86 (3d Cir. 2011). The parties seemingly agree that this action could have been commenced in the District of Nevada, and as both of Defendants apparently have their principal places of

business and conduct the bulk of their operations within that district, the Court will deem this threshold issue satisfied.

Once the propriety of the proposed venue is established, the Court must undertake an "individualized, case-by-case consideration of the convenience and fairness" of the potential fora. *Telebrands Corp. v. Mopnado*, Civ. A. No. 14-7969 (JAD), 2016 WL 368166, at *10 (D.N.J. Jan. 12, 2016) (internal quotation marks omitted). The United States Court of Appeals for the Third Circuit has identified a number of factors (the *Jumara* factors) to be balanced in resolving a motion to transfer under § 1404(a). *See Jumara*, 55 F.3d at 877–80; *see also In re Amendt*, 169 F. App'x at 96; *Reckitt Benckiser Pharm.*, 2015 WL 4461511 at *2–3; *Am. Fin. Res., Inc. v. Nationstar Mortg., LLC*, Civ. A. No. 14-7555 (MF), 2015 WL 4461454, at *3–4 (D.N.J. July 21, 2015). The *Jumara* Court enumerated six factors related to the private interests:

> plaintiff's forum preference as manifested in the original choice; the defendant's preference; whether the claim arose elsewhere; the convenience of the parties as indicated by their relative physical and financial condition; the convenience of the witnesses—but only to the extent that the witnesses may actually be unavailable for trial in one of the fora; and the location of books and records (similarly limited to the extent that the files could not be produced in the alternative forum).

*Jumara*, 55 F.3d at 879 (internal citations omitted). It identified another six factors concerning public interests:

> the enforceability of the judgment; practical considerations that could make the trial easy, expeditious, or inexpensive; the relative administrative difficulty in the two fora resulting from court congestion; the local interest in deciding local controversies at home; the public policies of the fora; and the familiarity of the trial judge with the applicable state law in diversity cases.

*Id.* at 879–80 (internal citations omitted).

Addressing the private interest factors first, Defendants seem to argue that the deference typically afforded a plaintiff's choice of forum should be heavily, or even completely, discounted when the claims did not arise in the plaintiff's chosen district. (ECF No. 54 at 1–2). Generally, the plaintiff's choice of forum is of "paramount concern," *Shutte*, 431 F.2d at 25, and it receives greater deference when the chosen forum is the plaintiff's home district, *Piper Aircraft Co. v. Reyno*, 454 U.S. 235, 255 (1981). Some caselaw from this District, however, has additionally noted that the deference owed a plaintiff's choice of forum may be diminished where the "central facts of the lawsuit" occurred elsewhere. *See Telebrands Corp.*, 2016 WL 368166 at *11; *Master Cutlery, Inc. v. Panther Trading Co.*, Civ. A. No. 12-4493 (MAH), 2012 WL 6597056, at *3 (D.N.J. Dec. 17, 2012); *LG Elecs., Inc. v. First Int'l Computer, Inc.*, 138 F. Supp. 2d 574, 590 (D.N.J. 2001); *NCR Credit Corp. v. Ye Seekers Horizon, Inc.*, 17 F. Supp. 2d 317, 321 (D.N.J. 1998); *Ricoh Co. v. Honeywell, Inc.*, 817 F. Supp. 473, 481–83 (D.N.J. 1993); *AT & T v. MCI Commc'ns Corp.*, 736 F. Supp. 1294, 1306 (D.N.J. 1990).

First, the Court notes that the deference owed to Plaintiff's choice of this District as forum is bolstered by the fact that Plaintiff is incorporated and has its principal place of business within this district. (Zhadanov Decl., ECF No. 50-2, ¶ 3). Whether central facts of the lawsuit occurred in this District or elsewhere poses a more difficult question. Plaintiff argues that Defendants' offending conduct was the distribution and sale of showerheads, and it has been established that the showerheads in question are sold to some customers in New Jersey and available at certain New Jersey retailers. Defendants counter that courts presume in intellectual property cases that the central facts occurred where the design, development, testing, and manufacture of the allegedly offending items took place, and Defendants assert that they conduct all design, development, and testing in Nevada and all production in China. Defendant is correct that some cases in this District

7

have found that in patent cases the claims' center of gravity will generally be where research, development, testing, and decisions as to sales and marketing occurred. *LG Elecs., Inc.*, 138 F. Supp. 2d at 590; *Ricoh Co.*, 817 F. Supp. at 481–83 & n. 17. Nevertheless, other, more recent cases from this District have found that sufficient operative facts for patent cases occurred where the allegedly infringing products were sold within the plaintiff's chosen forum. *Telebrands Corp.*, 2016 WL 368166 at *11; *Master Cutlery, Inc.*, 2012 WL 6597056 at *3.

The Court finds that this matter bears a greater resemblance to the latter set of cases. Defendants' officer has averred generally that their research, design, and development activities occur in Nevada, but he provided no specific information as to where research, design, or development of the allegedly infringing diverter device occurred. (Hawkins Decl., ECF No. 46-1, ¶¶ 10–11). While the parties dispute whether Defendants have sold sufficient showerheads to establish that central facts occurred within this district, their officer averred only that less than 1% of their showerheads were *shipped* to New Jersey. (ECF No. 46-1 ¶ 9). This oddly limited statement appears insufficient to establish the number of allegedly infringing products *sold* in New Jersey, given the explanation from Plaintiff's principal that manufacturers typically ship to large retailer distribution centers, which subsequently redistribute the wares to stores, often in other states. (*See* ECF No. 50-2 ¶¶ 6–8). Defendants protest that they lack access to reliable sales numbers in New Jersey, but, in doing so, seemingly lose sight of the fact that they bear the burden of persuasion on this motion. *Jumara*, 55 F.3d at 879.

To adopt Defendants' proposed analysis on this issue would seemingly have the effect of eliminating any deference to an intellectual property plaintiff's choice of forum unless that forum is the location of the defendant's headquarters. This would be too bold a revision of the standard set forth in *Jumara*, particularly as that case already directs courts to consider the location of

operative events as an independent factor. Given that this is Plaintiff's home district and as it appears that a non-*de minimis* number of allegedly infringing products were sold in New Jersey, the Court will afford Plaintiff's forum choice a reasonably high level of deference and will leave further consideration of the location of underlying events to the *Jumara* factor specifically addressing that issue. The Court will also take independent account of Defendants' expressed preference to litigate the matter in Nevada. *See Jumara*, 55 F.3d at 879. Given the deference owed Plaintiff's choice of forum, the Court finds that the issue of the parties' preferences weighs in favor of denying transfer.

In determining whether the underlying claims arose in another forum, the Court examines where the allegedly culpable conduct took place. *Master Cutlery, Inc.*, 2012 WL 6597056 at *3. As discussed above, patent infringement occurs where infringing products are sold, as well as where they are developed and made. *Id.* The parties have established that the allegedly infringing showerheads are sold nationwide, that they are manufactured in China, and, generally, that Defendants' products are developed in Nevada. (*See* ECF No. 46-1 ¶¶ 7–13). Defendants have also established that marketing and advertising decisions, which may relate to Plaintiff's trademark and false advertising claims, are made in the Nevada offices of Defendants or a third-party website designer. (*Id.* ¶¶ 14–18). As with patent claims, however, a component of trademark claims is considered to occur where the passing off occurs. *See One World Botanicals Ltd. v. Gulf Coast Nutritionals, Inc.*, 987 F. Supp. 317, 326 (D.N.J. 1997). Accordingly, it appears that the majority (though not all) of the facts underlying this action occurred in Nevada, and this factor weighs in favor of transfer.

The greater convenience to Defendants of transferring this action to the district that contains their headquarters is obvious, but it appears that transferring the action to that district

would simply shift the burden of litigation from Defendants to Plaintiff. *See Mkt. Transition Facility v. Twena*, 941 F. Supp. 462, 467 (D.N.J. 1996) ("If the transfer would merely switch the inconvenience from defendant to plaintiff, the transfer should not be allowed."). Although *Jumara* directs the Court to consider the convenience factor in light of each party's physical and financial condition, no party has provided evidence of any physical or financial condition that renders litigation in this district or in the District of Nevada particularly inconvenient. Defendants' officer provides a conclusory statement that they are "a small company" and that it would "be extremely burdensome" to continue litigation in this district. (ECF No. 46-1 ¶ 30). Considering the other information presented, the scopes of the parties' businesses appear similar. (*Compare* ECF No. 46-1 ¶¶ 6–7 *with* ECF No. 50-2 ¶¶ 3–5). To the extent that Defendants premise their arguments on availability of witnesses and evidence, the Court will address those issues in the discretely applicable *Jumara* factors below. Accordingly, the Court finds that no party has made any showing as to convenience or inconvenience, and this factor will be applied neutrally.

Defendants have argued that a large portion of relevant witnesses and documents are located in Nevada, but neglect that these factors apply only to the extent that witnesses or documents would be *actually unavailable* for trial in this district. *See Jumara*, 55 F.3d at 879. Defendants have not identified any specific witnesses or documents that would be unavailable in this district. A party seeking transfer should "show more than their assertion that a certain number of witnesses will be inconvenienced," including "the materiality of the matter to which these witnesses will testify and some justification that they will probably be called to the stand." *Popkin v. E. Air Lines, Inc.*, 253 F. Supp. 244, 248 (E.D. Pa. 1966). Accordingly, these factors offer no substantive support to Defendants' motion. Overall, the Court finds that Defendants have failed

to bear their burden of demonstrating that the *Jumara* private interest factors balance in favor of transfer.

The parties devote comparably little time to arguing the *Jumara* public interest factors, and the Court apprehends no significant weight in favor of any party when examining these factors. This action does not appear to present any serious questions of enforceability of a resulting judgment in another district. While there could be some slight efficiencies to be gained retaining this matter in the district where Plaintiff has filed other similar actions, such efficiencies would arise mainly from the Court's familiarity with relevant issues rather than any affirmative coordination of cases,[1] and the parties have presented no evidence as to administrative difficulty or court congestion. Given the nationwide nature of intellectual property disputes, it appears that local interest, public policy, and the Court's familiarity with local law have no bearing on whether to transfer or retain this case. In sum, the slight impact of the *Jumara* public interest factors in this matter serves only to confirm the conclusion that Defendants have not met their burden of demonstrating that transfer would be proper.

---

[1] Given that Defendants filed their action against Plaintiff in the District of Nevada several months after the actions pending before this Court were commenced, the Court is inclined to disregard any efficiencies that could theoretically result from transferring these cases to the same district as Defendants' action. Had Defendants prioritized efficiency of litigation, they could have sought to bring their claims as an action before this Court or as counterclaims in one of these actions.

## III. CONCLUSION

For the reasons stated above, Defendants' motion to transfer (ECF No. 45) is **DENIED**.

Accordingly, the Clerk of the Court is directed to terminate the motion filed as ECF No. 45.

Dated: April 7, 2017

*Leda Dunn Wettre*
Hon. **Leda Dunn Wettre**
**United States Magistrate Judge**

Original: Clerk of the Court
cc: Hon. Madeline Cox Arleo, U.S.D.J.
All Parties